Eastern District of Kentucky
**FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

APR 2 9 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 04-CV-475-JMH

LORENZO M. JOHNSON                                                                     PETITIONER

VS:                     **MEMORANDUM OPINION AND ORDER**

FEDERAL MEDICAL CENTER LEXINGTON                    RESPONDENT

This matter is before the Court for consideration of the petitioner's Motion for Additional Findings of Fact [Record No. 6] and for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F.Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

The petitioner, an inmate at the Federal Medical Center in Lexington, Kentucky, has filed a 28 U.S.C. §2241 writ of habeas corpus to mount a due process challenge to his loss of good time credits as the result of a disciplinary proceeding. He apparently seeks reversal and expungement of his disciplinary conviction from his institutional record and the restoration of his forfeited good time credits.

MOTION FOR ADDITIONAL FINDINGS

By Memorandum Order of March 4, 2005 [Record No. 5], the Court erred in finding that the petitioner had named the Federal Medical Center in Lexington as the respondent. Consequently, the Court mistakenly ordered the petitioner to amend his petition to name the Warden at FMC-Lexington as the respondent. The petitioner now seeks [Record No. 6] for the Court to acknowledge that he did originally name FMC-Lexington Warden Joe Booker as the respondent for this action.

The Court now makes such an acknowledgment and the Court will direct the Clerk to correct the erroneous record cover sheet to omit the present entry indicating that the Federal Medical Center is the respondent and to add that FMC-Lexington Warden Joe Booker is the named respondent. Thus, in effect, the petitioner's Motion [Record No. 6] is granted.

## SCREENING

The petitioner complains that his due process rights were violated when he was found guilty of a prison disciplinary charge of Offense Code 108 for "Possession, Manufacture, or Introduction of a Hazardous Tool (Tools Most Likely to Be Used in an Escape or Escape Attempt or to Serve as Weapons Capable of Doing Serious Bodily Harm to Others; or Those Hazardous to Institutional Security or Personal Safety; e.g., Hack-saw Blade)." The "Hazardous Tool" was a cellular telephone.

### Factual Background

On December 18, 2003, while the petitioner was confined at FCI-Petersburg, Virginia, the petitioner was charged with "Possession of a Hazardous Tool (Cellular Telephone)," a violation of Offense Code 108. Apparently, an SIS Officer was informed that inmate Elliot Winslow possessed a cell phone. Winslow was searched and a cell phone was discovered on his person. The cell phone call log revealed the last ten phone numbers that had been dialed from it. The phone number of Tanesha Anderson, 434-882-3908, was in that call log. All institutional telephone records were checked and results of the investigation revealed that 434-882-3908 was only listed on the petitioner's authorized telephone list.

According to Lt. Evans' SIS investigation documents, the petitioner told Lt. Evans that he had never physically utilized the cell phone; however, the petitioner admitted that he did ask

-2-

Winslow to place a call to the petitioner's girlfriend, Tanesha Anderson.

Lt. Evans' SIS Report indicates that Elliot Winslow represented to Lt. Evans that Winslow did not recognize the 434-882-3908 number and that Winslow had never used the cell phone to call any numbers for the petitioner.

At the February 6, 2004 DHO hearing, the petitioner denied using or having the cell phone in his possession. The petitioner claimed that the 434-882-3908 number got onto the call log of the cell phone because Winslow had been calling the petitioner's girlfriend, Tanesha Anderson, behind the petitioner's back.

At the DHO hearing, the petitioner called Winslow as a defense witness. Winslow's testimony directly conflicted with the contents of what, according to Lt. Evans' SIS investigation report, Winslow had previously said. By the time of the hearing, Winslow's testimony comported with the petitioner's original alibi. At the hearing, Winslow stated that he had called 434-882-3908. Winslow testified that he, too, knew Tanesha Anderson. According to Winslow, during the investigation Lt. Evans never asked him any questions about the 434-882-3908 number. Winslow's testimony also conflicted with Lt. Evans' prior SIS report in that Winslow testified that he had previously told Lt. Evans that he was solely responsible for any calls made on the cell phone to the 434 area code.

The DHO considered the petitioner's statement, the inconsistencies in Winslow's testimony, Lt. Evans' report of Winslow's investigation statements, and the contents of Lt. Evans' SIS investigation documents. The DHO explained to the petitioner that

> inconsistent statements seriously diminished the credibility of inmate Winslow's statement and, subsequently, your defense. It was clear to the DHO that inmate Winslow had changed his testimony in an effort

to shield you from the consequences he had already endured.

The DHO concluded that while the petitioner was not found in possession of the cell phone, still, at some point prior to the discovery of the phone on Winslow, the petitioner had possessed and utilized the cell phone.

The petitioner was sanctioned with the loss of 41 days of good conduct time as well as the imposition of 20 months of disciplinary segregation, nine months' loss of telephone privileges, and a recommended disciplinary transfer.

## Due Process

The petitioner complains that during his disciplinary hearing his due process rights were violated because he was not afforded the protections to which he was entitled pursuant to *Wolff v. McDonald*, 418 U.S. 539, 563-73 (1974) in that:

(1) he was not able to present evidence in that he was not able to call his own witness, Tanesha Anderson;

(2) the evidence does not support the DHO's decision of guilt; and

(3) the charges are void for vagueness.

A due process liberty interest was implicated for the petitioner because, as a result of having been found guilty of the misconduct charge, he was sanctioned with the loss of good time credits. *See Sandin v. Conner*, 515 U.S. 472, 483 (1995); *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974).

A prisoner facing the loss of good time credits is entitled to the following rights: (1) written notice of the hearing at least 24 hours in advance; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied upon and the reasons

for the disciplinary action. *Wolff*, 418 U.S. at 563-67. Additionally, (4) some evidence must exist to support the disciplinary conviction. *See Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455-56 (1985).

### (1) Witness

The petitioner alleges his due process rights were violated when he was not permitted to call his girlfriend, Tanesha Anderson, to be a witness at the disciplinary hearing. This disciplinary hearing was held within the federal prison for male inmates under circumstances wherein the petitioner's other witness was another inmate the petitioner was accusing of having called Tanesha Anderson, the petitioner's girlfriend, "behind his back." Obviously, under these circumstances, having Anderson as a witness would have been inconsistent with institutional safety and, thus, the plaintiff's due process rights have not been abridged by the disallowance of Anderson's personal appearance and testimony. It is noted that Anderson's affidavit appears in this record and, presumably, a similar affidavit could have been entered into the record of the DHO hearing. However, apparently the petitioner did not attempt to get Anderson's affidavit into the record of the hearing, and the time has now passed for him to have exercised that opportunity.

The petitioner's due process rights have not been abridged by the denial of Tanesha Anderson's presence as a witness at the petitioner's disciplinary hearing.

### (2) Insufficient Evidence

The petitioner claims his due process rights were violated because he was found guilty based upon insufficient evidence, in that he alleges there was no proof that he ever possessed the cell phone.

The petitioner is mistaken. Lt. Evans' report evidences that originally Winslow did not recognize Anderson's phone number and that Winslow said he never called Anderson for the petitioner. Thus, there is evidence upon which the DHO could conclude that Winslow did not make the call to Anderson. That institutional records showed Anderson's number appeared only on the petitioner's call list indicates a likelihood that the petitioner was the only person in the institution who knew Anderson's phone number. Because the petitioner was in the same facility with Winslow, which would have given the petitioner access to the cell phone, and because the cell phone's call-out log showed that Anderson's number had been called, coupled with the petitioner's provable unique familiarity with Anderson's phone number, provides the requisite "some evidence" to support the finding of guilt.

### *(3) Void for Vagueness Charge*

The petitioner claims his due process rights were violated because the Offense Code 108 institutional disciplinary charge of "Possession, Manufacture, or Introduction of a Hazardous Tool (Tools Most Likely to Be Used in an Escape or Escape Attempt or to Serve as Weapons Capable of Doing Serious Bodily Harm to Others; or Those Hazardous to Institutional Security or Personal Safety; e.g., Hack-saw Blade)," for his possession of a cellular phone was fatally vague under the void for vagueness doctrine.[1] The DHO reasoned that the petitioner was guilty of this charge because:

> By having a cellular telephone in your possession you threatened staff's ability to provide a safe and orderly environment for all staff and inmates within the institution. By having this unauthorized communication device in your possession you had the ability to

---

[1] See Response to Administrative Remedy by Harrell Watts, Administrator National Inmate Appeals, attached as an exhibit to the petitioner's petition.

>arrange for the introduction of drugs and other serious transactions without the knowledge of staff as they were unable to monitor the communication on this device.

Due process requires fair notice of prohibited prisoner conduct before a sanction can be imposed. *Williams v. Nix*, 1 F.3d 712, 716 (8th Cir. 1993). A prisoner is entitled to prior notice or "fair warning" of proscribed conduct before imposition of a severe sanction. *Gibbs v. King*, 779 F.2d 1040, 1043 (5th Cir. 1986). However, while due process generally prohibits excessively vague laws, the degree of specificity required when courts analyze whether prison regulations comply with due process is not the same as that required for those laws that apply to free citizens. *El-Amin v. Tirey*, 817 F.Supp. 694 (W.D. Tenn. 1993). Due process does not required that prison officials precisely define in advance in prison regulations every possible forbidden action. *Id.* Prison officials may fashion application of a particular regulation to specific circumstances if that application is fair and if the charge and application are not a merely arbitrary exercise of power. *Id.* To the extent that terms within a prison offense code are imprecise, those terms provide prison officials with the "necessary and appropriate discretion to respond" to "constantly changing" prison situations. *Lindell v. Frank*, 2005 WL 568070, *9 (W.D. Wis., March 8, 2005). Because prison officials are to be given discretion in day-to-day decisions, the rules they enforce generally should not be deemed vague. *Id.* In *Lerman v. Federal Bureau of Prisons*, 2003 WL 22121092 (N.D. Tex.), the court denied a prison disciplinary committee sanctioned prisoner's due process void for vagueness challenge to the pertinent prison rule. The court noted, "Because 'legalistic wrangling' over the meaning of prison rules 'may visibly undermine the [prison] administration's position of total authority, 'federal courts have deferred to the interpretation of those rules by prison authorities' unless fair notice was clearly lacking.'" *Id.* (citing *Adams v. Gunnell*, 729 F.3d 362, 369 (5th Cir. 1984) (citation and quotation

omitted)).

As evidenced by his institutional-approved telephone numbers access list, the petitioner clearly knew that inmate telephone access was strictly controlled and monitored and that inmate access to telephone usage was highly regulated and limited. Thus, he had to know, prior to his use of the cell phone, that unfettered, unmonitored prisoner access to telephonic communication did not comport with prison rules. In spite of this, it is apparent that he utilized the cell phone. He clearly used an instrument or "tool" whose use was highly capable of being hazardous to institutional safety, or of being useful in an escape attempt, or of being an aid in jeopardizing personal safety of inmates and prison personnel and free citizens. Thus, the Code 108 charge is not void for vagueness and does not constitute a violation of the petitioner's due process rights.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

(1) The petitioner's Motion for Additional Findings [Record No. 6] is **GRANTED**, insofar as it seeks recognition that Warden Joe Booker is named respondent to this action.

(2) The Clerk is directed to correct the docket cover sheet to reflect that Warden Joe Booker is the named respondent to this action.

(3) This action is **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the respondent.

This the 29th day of April, 2005.

JOSEPH M. HOOD, JUDGE

Date of Entry and Service: